IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HENRY MCCULLEY, pro se,           )
                                  )
        Plaintiff,                )
                                  )
vs.                               )    Civil Action No. 12-0359-CG-C
                                  )
COUNTRYWIDE HOMES LOANS,          )
INC., et al.,                     )
                                  )
                                  )
        Defendants.               )

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion for summary judgment

filed by the defendants (Doc. 26), Bank of America, N.A. ("BANA"); [1] CWALT,

Inc.; CWALT, Inc., Alternative Loan Trust 2007-21CB ("CWALT"); The Bank

of New York ("BoNY"); and Mortgage Electronic Registration Systems

("MERS") (collectively, the "defendants"). Also before the court is the plaintiff

Henry McCulley's ("McCulley") opposition to summary judgment (Doc. 34),

and the defendants' reply (Doc. 35). For the reasons stated below, the

defendants' motion is due to be **GRANTED.**

## FACTS

On June 27, 2007, McCulley executed and delivered to Countrywide

Home Loans, Inc. ("Countrywide") a promissory note ("Note") in the principal

amount of $347,150.00. (Doc. 26-1). Contemporaneously, McCulley secured

the note by a Deed of Trust and granted a mortgage interest ("Mortgage") in

---

[1] BANA is the successor by merger to BAC Home Loans Servicing, L.P., F/K/A Countrywide

the property to the defendant MERS, as nominee for Countrywide. (Doc. 26-2). The Deed of Trust was recorded July 24, 2007 in Instrument Number 1063998 in the Probate Court of Baldwin County, Alabama. (Doc. 26-2 at 2).

Countrywide indorsed the Note in blank and transferred certain mortgage loans to Countrywide Home Loans Servicing, LP. (Doc. 26-5, ¶ 3). On April 27, 2009, Countrywide Home Loan Servicing, LP changed its name to BAC Home Loan Servicing, LP. Id. The defendant BANA is the successor by merger to BAC Home Loan Servicing, LP, effective July 1, 2011. Id. The net result of these events is that BANA is the current holder of the original Note. Id. As to the Mortgage, MERS assigned its interest to BANA on August 1, 2011. (Doc. 26-3). Thus, BANA presently possesses the Mortgage as well as the Note.

McCulley later defaulted on the Note. (Doc. 26-5, ¶ 5). Despite demand for payment, McCulley refused to honor his obligations under the Note. Id. BANA attempted to work with McCulley to allow him an opportunity to apply for loan modification, but he failed to provide the requested financial documents. Id.

As of February, 2013, McCulley was nineteen months delinquent on his mortgage payments. (Doc. 26-5, ¶ 5). He made his last payment on or about April 11, 2011. (Doc. 26-5, ¶ 6). At this time, BANA has not foreclosed on McCulley's property. (Doc. 26-5, ¶ 7).

McCulley filed his pro se complaint on May 30, 2012 claiming (1) that

none of the defendants has the right to foreclose on his property; (2) that the defendants fraudulently claimed they were entitled to receive mortgage payments from the plaintiff; (3) a claim to quiet title; (4) a request for declaratory relief; (5) that defendants violated the Real Estate Settlement Procedures Act ("RESPA"); and (6) that the defendants violated the Truth in Lending Act ("TILA"). (Doc. 1).

On March 6, 2013, the defendants moved for summary judgment as to all of McCulley's claims. (Doc. 26). McCulley opposes summary judgment, arguing that none of the defendants possess an enforceable interest in the property. (Doc. 34).

## DISCUSSION

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a

verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524

(11th Cir. 1994)(citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986)).

Otherwise stated, the non-movant must "demonstrate that there is indeed a

material issue of fact that precludes summary judgment."  <u>See</u> <u>Clark v. Coats</u>

<u>& Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party

"may not rest on the mere allegations or denials of the [non-moving] party's

pleading, but .... must set forth specific facts showing that there is a genuine

issue for trial." Fed. R. Civ. P. 56(e)  "A mere 'scintilla' of evidence supporting

the [non-moving] party's position will not suffice; there must be enough of a

showing that the jury could reasonably find for that party."  <u>Walker v. Darby</u>,

911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  "[T]he nonmoving

party may avail itself of all facts and justifiable inferences in the record taken

as a whole." <u>Tipton v. Bergrohr GMBH-Siegen</u>, 965 F.2d 994, 998 (11th Cir.

1992).  "Where the record taken as a whole could not lead a rational trier of

fact to find for the non-moving party, there is no genuine issue for trial."

<u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574 at 587

(1986) (internal quotation and citation omitted).

## B. "Splitting" argument

McCulley's principal argument is that Countrywide improperly

transferred the Note without the Mortgage, and this split rendered both

interests invalid and unenforceable. Specifically, McCulley alleges that when

Countryside "sold" the Note to CWALT, Inc. Alternative Loan Trust 2007-

21CB without the Mortgage, "the security interest in the Plaintiff's

property…was terminated." (Doc. 1, ¶ 21). McCulley also alleges that MERS' transfer of the Mortgage is void "due to the fact that MERS does not own the Note and therefore cannot legally convey title of the mortgage instrument to a third party." (Doc. 1, ¶ 28(i)).

McCulley appears to employ this theory in several of his causes of action:

(1) In his wrongful foreclosure claim, McCulley alleges that "none of the Defendants and each of them, do not own the Note or have any legal relationship to the Note," and that "[w]ithout ownership of the Note, the beneficiary of the Mortgage cannot foreclose." (Doc. 1, ¶ 56).

(2) In his fraud claim, McCulley alleges that the "Defendants were not entitled to receive mortgage payments as [they] did not have equitable, or actual beneficial interest in the Note or the property." (Doc. 1, ¶ 72).

(3) In his quiet title claim, McCulley alleges that "[t]he claims of Defendants are without any right whatsoever and such Defendants have no right to title, estate, lien, or interest whatsoever in the above-described property or any part thereof." (Doc. 1, ¶ 83).

(4) In his request for declaratory relief, McCulley alleges that certain defendants "do not have authority to foreclose upon and sell the subject property." (Doc. 1, ¶ 88).

In their motion for summary judgment, the defendants assert that there was never a split of the Note and Mortgage. McCulley alleges in his

response that he obtained a "securitization audit" on his home, which shows that CWALT, Inc. Alternative Loan Trust 2007-21CB bought the Note. (Doc. 34 at 2). However, he provided the court with no evidence supporting this claim. As stated above, BANA currently possesses the original Note, which Countrywide indorsed in blank.[2] Moreover, the defendants' supporting affidavit provides that at no time was McCulley's Note ever transferred to any trust. (Doc. 26-5, ¶ 3). As BANA holds both the Note, indorsed in blank, and the Mortgage, via assignment, no splitting occurred, and BANA has the right to foreclose on the property.

The defendants also point out that even if Countrywide had transfered the Note to a trust, Alabama courts have declined to accept McCulley's "splitting" argument. In <u>Mortensen v. Mortgage Electronic Registration Systems</u>, No. 09-cv-00787-WS-N, Doc. No. 78 (S.D. Ala. Dec. 23, 2010),[3] this court addressed and rejected the contention that "a 'split' mortgage and note automatically renders the mortgage unenforceable and foreclosure unavailable," and in doing so, cited <u>Crum v. LaSalle Bank, N.A.</u>, 55 So.3d 266

---

[2] "Under Alabama law, the note is a negotiable instrument and is, therefore, subject to Alabama's version of the Uniform Commercial Code…Under § 7-3-301, Ala. Code 1975, a 'person entitled to enforce' an instrument is defined as '(i) the holder of the instrument…' With respect to a negotiable instrument, a 'holder' means a person in possession if the instrument is payable to bearer. If the negotiable instrument has been indorsed in blank…the instrument 'becomes payable to bearer' and may be negotiated by transfer of possession alone. Possession of a note payable to order and indorsed in blank is prima facie evidence of ownership." <u>Thomas v. Wells Fargo Bank, N.A.</u>, 2012 WL 3764729, at *7 (Ala. Civ. App. Aug. 31, 2013) (internal citations omitted).

[3] This opinion is not available on Westlaw or Lexis, but is listed as the "Companion Order" to <u>Mortensen v. Mortgage Elec. Registration Sys.</u>, No 09-cv-00787-WS-N, 2010 WL 5376332, at *1 n.1 (S.D. Ala. Dec. 23, 2010).

(Ala. Civ. App. 2009) approvingly.[4]

In <u>Crum</u>, the borrower executed a promissory note in favor of a lender and assigned MERS the mortgage interest. <u>Id</u>. at 267. MERS, as nominee for the lender, subsequently assigned both the mortgage and the note to a bank, which initiated foreclosure proceedings following the borrower's default. <u>Id</u>. at 268. The court rejected the borrower's argument that the original split of the note and mortgage rendered the assignment invalid. <u>Id</u>. at 270. <u>See</u> <u>also</u> <u>Nelson v. F.N.M.A.</u>, 97 So.3d 770, 770 (Ala. Civ. App. May 11, 2012) ("Separation of promissory note and mortgage does not render either instrument void."); <u>Mac v. Brooks</u>, 2011 WL 3794683, at *3 (M.D. Ala. Aug. 25, 2011) ("Brooks argues that a party who holds a mortgage but is not the holder of the underlying promissory note cannot foreclose on the mortgage because it lacked any interest in the underlying promissory note. The court rejects Brooks' argument."). Rather, the <u>Crum</u> court held that the assignment was valid because the mortgage instrument authorized MERS to act as it did and the bank had lawfully acquired title.[5] <u>Crum v. La Salle Bank, N.A.</u>, 55

---

[4] <u>Mortensen v. Mortgage Electronic Registration Systems</u>, No. 09-cv-00787-WS-N, Doc. No. 78, at *11-13 (S.D. Ala. Dec. 23, 2010). The court also cites numerous cases from other jurisdictions including <u>Mortgage Electronic Registration Systems, Inc. v. Barnes</u>, 2010 WL 4967826 (Ill.App. 1 Dist. Dec. 3, 2010); <u>In re Mortgage Electronic Registration Systems (MERS) Litigation</u>, 2010 WL 4038788, at *8 (D. Ariz. Sept. 30, 2010); <u>King v. American Mortgage Network, Inc.</u>, 2010 WL 3516475, at *3 (D. Utah Sept. 2, 2010); <u>Perlas v. Mortgage Electronic Registration Systems, Inc.</u>, 2010 WL 3079262, at *1 (N.D. Cal. Aug. 6, 2010); <u>Nicholson v. OneWest Bank</u>, 2010 WL 2732325, at *4 (N.D. Ga. Apr. 20, 2010); <u>Mortgage Electronic Registration Systems, Inc. v. Azize</u>, 956 So.2d 151, 153 (Fla.App. 2 Dist. 2007).

[5] McCulley's mortgage bears the same contractual language on which the <u>Crum</u> and <u>Mortensen</u> courts relied. In particular, McCulley's mortgage states that MERS "is acting solely as a nominee for Lender and Lender's successors and assigns," and that for purposes of securing the loan, McCulley "irrevocably mortgages, grants and conveys to MERS (solely as

So.2d 266, 270.

McCulley made no response to <u>Mortensen</u> or <u>Crum</u>. Instead, McCulley cited the *Restatement (Third) of Property: Mortgages* § 5.4 arguing that because "the Mortgage was assigned without the Note, then the assignee, 'having no interest in the underlying debt or obligation has a worthless piece of paper.'" (Doc. 34 at 5). However, the <u>Crum</u> court examined this exact section of the *Restatement* before holding MERS' assignment of the mortgage was valid despite it not being the owner of the note. <u>Crum v. LaSalle Bank, N.A.</u>, 55 So.3d 266, 270.

Thus, the court finds there is no evidence a split occurred or in the alternative, that a split would void the defendants' interest. MERS' assignment of the Mortgage to BANA is valid because the mortgage instrument authorized MERS to make such transfers and BANA lawfully acquired title. McCulley has failed to set forth specific facts showing a genuine issue for trial. "If the party's response consists of nothing more than a repetition of his conclusory allegations, the district court must enter summary judgment in the moving party's favor." <u>Morris v. Ross</u>, 663 F.2d 1032, 1034 (11th Cir. 1981, cert. denied, 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982)). Accordinly, summary judgment in the defendants' favor

---

nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with the power of sale," the property at issue. (Doc. 26-2 at 2-3). McCulley's mortgage instrument further provides that "MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to the right to foreclose and sell the Property; and to take any action required of Lender." (<u>Id</u>. at 4). Like the plaintiffs in <u>Crum</u> and <u>Mortensen</u>, McCulley cannot avoid foreclosure where the mortgage instrument unequivocally granted MERS the right to assign the mortgage.

is due to be granted on all claims to the extent they rely on the splitting

theory.

## C. Wrongful Foreclosure

Under Alabama law, a plaintiff does not have a wrongful foreclosure

action until "the mortgagor uses the power of sale given under a mortgage for

a purpose other than to secure the debt owed by the mortgagor." <u>Reeves</u>

<u>Cedarhurst Development Corp. v. First American Federal Sav. and Loan</u>

<u>Ass'n</u>, 607 So.2d 180, 182 (Ala. 1992). In order to state a claim for wrongful

foreclosure, the foreclosure sale must actually have taken place. <u>Hardy v. Jim</u>

<u>Walters Homes, Inc.</u>, 2007 U.S. Dist. LEXIS 5253, 2007 WL 174391, at *6

(S.D. Ala. Jan. 18, 2007). Here, no foreclosure sale has occurred. (Doc. 26-5, ¶

7). McCulley contends that foreclosure proceedings have been initiated and

that he will be harmed if the defendants are not "restrained" from their

"wrongful conduct." (Doc. 1, ¶¶ 69, 70). Accordingly, the court finds that

McCulley failed to set forth a plausible wrongful foreclosure claim, and the

defendants' motion for summary judgment on the wrongful foreclosure claim

is due to be granted.

## D. Fraud

A plaintiff alleging fraud in Alabama "must prove the following four

elements: (1) a false representation; (2) that the false representation

concerned a material existing fact; (3) that the plaintiff relied upon the false

representation; and (4) that the plaintiff was damaged as proximate result of

the reliance." <u>Billy Barnes Enterprises, Inc. v. Williams</u>, 982 So.2d 494, 499 (Ala. 2007) (citations omitted).

McCulley seems to assert that the defendants fraudulently misrepresented their right to collect on the debt because the alleged assignments and splitting of the Note and Mortgage rendered the interest void. On summary judgment, the defendants argue that there is no evidence of false representation. The court agrees that plaintiff has produced no evidence that he was defrauded. As discussed previously, the defendants possess an enforceable interest in the Note including the right to collect mortgage payments. Because McCulley was unable to respond to the defendants' summary judgment arguments with anything more than a repetition of the conclusory allegations stated in his complaint, summary judgment for the defendants is not only proper, but required. <u>Morris v. Ross</u>, 663 F.2d 1032, 1033 (11th Cir. 1981). Therefore, the court finds that McCulley failed to establish a <u>prima</u> <u>facie</u> case of false representation, and the defendants are entitled to summary judgment on to the fraud claim.

**E. Equitable Claims**

McCulley seeks equitable relief in his claim to quiet title and his request for declaratory judgment. McCulley also appears to seek an injunction preventing foreclosure as part of his wrongful foreclosure cause of action. McCulley asserts that he is entitled to equitable relief because the defendants do not have an enforceable interest in the property.

As to the quiet title claim, McCulley offers no evidence to support his cause of action aside from conclusory allegations that the "Defendants have filed a false mortgage document against Plaintiff's title" and that the original Mortgage was "not properly assigned and transferred to Defendants." (Doc. 34 at 2-4). These allegations are insufficient to carry McCulley's burden at the summary judgment stage. As stated previously, the evidence presented by the defendant's supports the court's finding, *infra*, that BANA possesses an enforceable interest in the property as holder of the Note and Mortgage.

McCulley also appears to seek a declaration that none of the defendants have a valid ownership interest in the property or the right to foreclose on the property. However, the court has determined that BANA, as present holder of both the Note and the Mortgage, is entitled to foreclose on the property.

Likewise, McCulley appears to seek an injunction prohibiting foreclosure activities. Because the court has determined that the defendants are within their rights to foreclose on the property, McCulley's argument for an injunction is due to be denied.

The defendants also argue that McCulley's requests for quiet title, declaratory relief and an injunction must fail because McCulley has not tendered the amount of debt due on the loan. (Doc. 26-5, ¶ 6).  Under Alabama law, a party seeking an equitable remedy must do equity and come to the court with clean hands. Harton v. Little, 65 So. 951, 952 (Ala. 1914).

Pursuant to this maxim, a plaintiff is not entitled to equitable relief until he does equity and tenders the amount owed on the loan. McClung v. Mortgage Electronic Registration Sys., 2012 U.S. Dist. LEXIS 63834, at *18-19 (N.D. Ala. May 7, 2012) (acknowledging that the Alabama Supreme Court endorses the maxim that prohibits borrowers from challenging foreclosure proceedings without tendering the amount due). See also Coburn v. Coke, 69 So. 574, 575 (Ala. 1915); Marsh v. Wayland, 266 Ala. 402, 405 (Ala. 1957). McCulley is delinquent on his mortgage payments and has not tendered the arrearage as required by the doctrine of clean hands. Therefore, summary judgment is granted in favor of the defendants as to the claims of quiet title, declaratory judgment and injunction against foreclosure.

## F. RESPA

The defendants contend McCulley's RESPA claim is barred by the statute of limitations. The statute of limitations for bringing a claim under RESPA § 2607 is one year from "the date of the occurrence of the violation."[6] Here, McCulley's complaint makes clear that the alleged RESPA "violations" occurred at the closing, as he states that the defendants did not offer him

---

[6] 12 U.S.C.S. § 1214 provides in part:

> "Any action pursuant to the provisions of 6, 8, or 9 [12 U.S.C.S. § 2605, 2607 or 2608] may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 6 [12 U.S.C.S. § 2605] and 1 year in the case of a violation of section 8 or 9 [12 U.S.C.S. § 2607 or 2608] from the date of the occurrence of the violation."

12 U.S.C.S. § 1214 (2011).

"lower upfront fees," and that "defendants implemented their fraud scheme against [plaintiff] and placed [plaintiff] into a more expensive loan [than plaintiff was] in prior to meeting the defendants or should have been placed into based upon the [plaintiff's] credit score and income." (Doc. 1, ¶ 99).

Thus, the one-year statute of limitations began to run when McCulley executed the Note on June 27, 2007. McCulley did not file his complaint alleging the RESPA violation until June 4, 2012, which is beyond the one-year statute of limitations. Accordingly, McCulley's RESPA claim is time-barred, and the defendants are entitled to summary judgment.

## G. TILA

McCulley alleges that the defendants failed to notify him when they transferred his loan, as required by TILA. See 15 U.S.C. § 1641(g) (2011). Section 1641(g) of TILA provides in part that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g). The defendants contend that the statute does not apply to any transfers allegedly made by the defendants.

Firstly, the defendants argue that there was never any transfer or assignment of the Note to a "third party." As stated above, McCulley executed the Note to Countrywide, who later transferred certain mortgage loans to Countrywide Home Loans Servicing LP. (Doc. 26-5, ¶ 3). Countrywide Home

Loans Servicing LP subsequently changed its name to BAC Home Loans Servicing, LP. Id. Effective July 1, 2011, BAC Home Loan Serving, LP merged with BANA. Id. Because Countrywide ultimately merged into BANA, there is no new owner or assignee of the debt, and the notification obligation of § 1641 was not triggered.

Secondly, the defendants argue that the requirements of § 1641(g) do not apply to transfers of the mortgage only, which is what occurred when MERS assigned its interest to BANA. TILA imposes a disclosure obligation when ownership of the "mortgage loan" or underlying "debt" is transferred. See 12 U.S.C. § 1641(g). This reading is reinforced by the regulation that implements § 1641(g), 12 C.F.R. § 1026.39, which specifies that the disclosure requirement only applies when a new entity "acquir[es] legal title to the debt obligation." 12 C.F.R. § 1026.39(a) (2011). Furthermore, this court recently affirmed that the "mortgage loan" referred to in §1641(g) "is the credit itself (i.e., the Note), not the instrument securing that credit transaction (i.e., the Mortgage)." Connell v. CitiMortgage, Inc., 2012 WL 5511087, at *6 (S.D. Ala. Nov. 13, 2012). In Connell, the court held that because MERS only assigned "an interest in a mortgage and not an interest in the underlying loan…no § 1641(g) obligation was triggered by that Assignment of the Mortgage." Id. at *9.

Here, the assignment instrument provides that "[f]or value received, the undersigned [MERS] does hereby transfer, assign, set over and convey

unto [BANA] its successor, transferees, and assigns forever, all right, title and interest of said Assignor in and to that certain Mortgage…" (Doc. 26-3). It is clear from the express language of the assignment instrument that only the Mortgage was transferred, not the Note. Even in absence of this determination, "grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." Shamburger v. City of Mobile, 2008 WL 2874363, at *1 (S.D. Ala. 2008) (citing Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995)).  Given McCulley's lack of argument on this point, the court finds that McCulley has abandoned his TILA claim. Accordingly, summary judgment is due to be granted to the defendants as to this claim.

## CONCLUSION

For the reasons stated above, the court concludes that there is no genuine dispute as to any material fact, and that the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion for summary judgment (Doc. 25) is **GRANTED** on all counts.

**DONE and ORDERED** this 21st  day of June, 2013.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE